# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| DASHAWN CARRILLO,<br><br>Plaintiff,<br><br>v.<br><br>DAVID OWEN, et al.,<br><br>Defendants. | Civil Action No.<br>19-5128 (RBK) (KMW)<br><br><br>**OPINION** |

**ROBERT B. KUGLER, U.S.D.J.**

Plaintiff, Dashawn Carrillo, is a prisoner currently incarcerated at Northern State Prison, in Newark, New Jersey. He is proceeding *pro se* with a civil rights Complaint pursuant to 42 U.S.C. § 1983. For the reasons stated in this Opinion, the Court will dismiss without prejudice Plaintiff's excessive force claims and decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

## I. BACKGROUND

The Court will construe the factual allegations of the Complaint as true for the purpose of this Opinion. Plaintiff names David Owen, Warden Karen Taylor, Sergeant E. Trout, and Corrections Officer D. Russell as Defendants in this matter. This case arises from Plaintiff's time as a pretrial detainee at the Camden County Jail.

On April 22, 2016, Plaintiff secured some legal writing paper while some officers were escorting him to the showering facilities. Upon discovering Plaintiff's paper, Defendant Russell aggressively approached Plaintiff, despite Plaintiff's indications of surrender. Defendant Trout then grabbed Plaintiff by the head and neck and slammed him into the ground. Thereafter, multiple officers appeared, thrust their knees into Plaintiff's back and neck, and prevented Plaintiff from breathing. Ultimately, the officers took Plaintiff into the medical department.

At the medical department, Plaintiff asked an official to place him in the mental health floor, in order to protect himself from the officers at the jail. At some point or throughout this time period, officials refused to treat Plaintiff's back and neck pain from the incident.

Shortly after the incident, Defendant Russell filed an "untruthful" disciplinary incident report and criminal charges against Plaintiff, claiming that Plaintiff threatened Defendant Russell with violence. For reasons that are unclear, those charges resulted in dismissals.

On January 31, 2019,[1] Plaintiff filed the instant Complaint, raising excessive force claims, as well as state law claims sounding in assault, battery, and defamation.

## II. STANDARD OF REVIEW

District courts must review complaints in civil actions in which a plaintiff is proceeding *in forma pauperis. See* 28 U.S.C. § 1915(e)(2)(B). District courts may *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See id.* According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To survive *sua sponte* screening for failure to state a claim,[2] the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC*

---

[1] Pursuant to the prison mailbox rule, the Court will accept the date on Plaintiff's Complaint as the filing date, rather than the date that the Court actually received his Complaint.

[2] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (per curiam) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *see also Malcomb v. McKean*, 535 F. App'x 184, 186 (3d Cir. 2013) (finding that the Rule 12(b)(6) standard applies to dismissal of complaint pursuant to 28 U.S.C. § 1915A for failure to state a claim).

*Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the [alleged] misconduct." *Iqbal*, 556 U.S. at 678. Moreover, while courts liberally construe *pro se* pleadings, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

### III. DISCUSSION

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights guaranteed under the United States Constitution. To succeed on a § 1983 claim, a plaintiff must allege two things: first, a violation of a right under the Constitution, and second, that a "person" acting under color of state law committed the violation. *West v. Atkins,* 487 U.S. 42, 48 (1988); *Piecknick v. Com. of Pa.,* 36 F.3d 1250, 1255–56 (3d. Cir. 1994)).

As an initial matter, the Court will address the statute of limitations on § 1983 claims since it appears from the face of the Complaint that Plaintiff's federal claims are time-barred. "Although the running of the statute of limitations is ordinarily an affirmative defense, where that defense is obvious from the face of the complaint and no development of the record is necessary, a court may dismiss a time-barred complaint *sua sponte* under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim." *Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 112 (3d Cir. 2013).

Although § 1983 provides a federal cause of action for personal-injury claims, the laws of the State in which the action arose governs the statute of limitations. *Estate of Lagano v. Bergen Cty. Prosecutor's Office,* 769 F.3d 850, 859 (3d Cir. 2014). In New Jersey, the statute of

3

limitations for personal-injury torts is two years. N.J. Stat. Ann. § 2A:14-2. However, while state law provides the applicable statute of limitations, federal law controls when that the statute of limitations begins to accrue. *See Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009).

Federal law instructs that a § 1983 action begins to run when a plaintiff knows of or has reason to know of the injury. *See Sameric Corp. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998). Significantly, accrual does not depend on whether the potential claimant knew or should have known that the injury constitutes a legal wrong. *See Giles v. City of Philadelphia*, 542 F. App'x 121, 123 (3d Cir. 2013). Rather, "a cause of action accrues when the fact of injury and its connection to the defendant would be recognized by a reasonable person." *Kriss v. Fayette Cty.*, 827 F.Supp.2d 477, 484 (W.D. Pa. 2011), *aff'd*, 504 F. App'x 182 (3d Cir. 2012). Accordingly, "[a]s a general matter, a cause of action accrues at the time of the last event necessary to complete the tort, usually at the time the plaintiff suffers an injury." *Kach*, 589 F.3d at 634.

In the present case, the Court construes the Complaint to allege that Defendants used excessive force in violation of the Fourteenth Amendment's Due Process Clause. *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473–74 (2015) (stating that if a plaintiff is a pretrial detainee he must bring excessive force claims under the Fourteenth Amendment, rather than the Fourth Amendment); *Callway v. New Jersey State Police Troop A*, No. 12-5477, 2018 WL 2980387, at *3 (D.N.J. June 14, 2018).

"[T]he Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment." *Kingsley*, 135 S. Ct. at 2473 (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)). A defendant's actions can amount to punishment if he acts with an "expressed intent to punish" or by taking actions that are not "rationally related to a legitimate nonpunitive

governmental purpose" or "appear excessive in relation to that purpose." *Id.* (quoting *Bell v. Wolfish*, 441 U.S. 520, 540, 547 (1979)).

With those principles in mind, Plaintiff was certainly aware of Defendants' actions on April 22, 2016, when they used substantial force and caused Plaintiff's injuries, despite Plaintiff's indications of surrender. (ECF No. 1, at 5–6). As a result, Plaintiff knew or should have known of his injuries and their connection to the Defendants and had a complete cause of action as to his excessive force claims on April 22, 2016.

Accordingly, because Plaintiff did not file the instant Complaint until January 31, 2019, the statute of limitations bars these claims and any related claims[3] with a two-year statute of limitations that began to accrue prior to January 31, 2017.

Certain statutes and doctrines may allow the Court to toll the statute of limitations, but Plaintiff fails to articulate any basis for such tolling. For example, New Jersey statutes set forth certain bases for "statutory tolling." *See, e.g.,* N.J. Stat. Ann. § 2A:14–21 (detailing tolling because of minority or insanity); N.J. Stat. Ann. § 2A:14–22 (detailing tolling because of non-residency of persons liable). New Jersey law also permits "equitable tolling" where an adversary's misconduct induced or tricked a complainant into allowing the filing deadline to pass, or where "in some extraordinary way" someone or something prevented plaintiff from asserting his rights, or where a plaintiff has timely asserted his rights through a defective pleading or in the wrong forum. *See*

---

[3] Plaintiff also makes a one sentence allegation that someone or some group of officials refused to provide him with medical treatment for his back and neck pain. If Plaintiff is trying to allege a separate deliberate indifference claim under the Fourteenth Amendment, the Court finds that the claim fails to comply with Federal Rule of Civil Procedure 8. Stated differently, his bare allegation fails to simply or directly allege which Defendants were deliberately indifferent and fails to provide the Defendants with "fair notice of the grounds on which he intends to rest his claims." *Lawson v. Christie*, No. 18-11175, 2019 WL 1513219, at *2 (D.N.J. Apr. 8, 2019). Alternatively, it appears that the statute of limitations would also bar that claim.

5

*Freeman v. New Jersey,* 788 A.2d 867, 880 (N.J. Super. Ct. App. Div. 2002). However, absent a showing of a defendant's intentional inducement or trickery, the Court should apply the doctrine of equitable tolling sparingly and only where sound legal principles and the interest of justice demand its application. *Id.*

When state tolling rules contradict federal law or policy, in certain limited circumstances, federal courts can turn to federal tolling doctrines. *See Lake v. Arnold*, 232 F.3d 360, 370 (3d Cir. 2000). Under federal law, equitable tolling is appropriate in three general scenarios: (1) where a defendant actively misleads a plaintiff with respect to his cause of action; (2) where extraordinary circumstances prevent a plaintiff from asserting his claims; or (3) where the plaintiff asserts his claims in a timely manner but has done so in the wrong forum. *Id.* at 370 n.9. In this case, Plaintiff fails to articulate any basis for equitable tolling.

Accordingly, because it is apparent that Plaintiff's excessive force claims are time-barred as they arose prior to January 31, 2017, the Court will dismiss such claims as untimely. If Plaintiff believes that he can assert facts that warrant tolling, he may move to re-open this case and to file an amended complaint stating the basis for such tolling.

Having dismissed Plaintiff's excessive force claims, no federal claims remain against the Defendants. Consequently, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims, including any attempted claim for defamation, libel, assault, and battery. *See* 28 U.S.C. § 1367(c)(3); *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000).

## IV. CONCLUSION

For the reasons set forth above, the Court will dismiss without prejudice Plaintiff's excessive force claims and decline to exercise supplemental jurisdiction over Plaintiff's state law claims. An appropriate Order follows.

Dated: August 28, 2019

<u>s/Robert B. Kugler</u>
ROBERT B. KUGLER
United States District Judge